**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

July 31, 2015

Office Depot, Inc.
Josefina Casas Litigation and Compliance Paralegal
Office Depot, Inc.
6600 North Military Trail
Legal Department (Mail Code C407G)
BOCA RATON FL 33496

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

**Item:** 2015-1032

| | | |
|---|---|---|
| 1. | **Client Entity:** | Office Depot, Inc. |
| 2. | **Title of Action:** | Michael Plummer vs. Office Depot, Inc. |
| 3. | **Document(s) Served:** | Initial Order and Addendum<br>Summons<br>Complaint |
| 4. | **Court/Agency:** | District of Columbia Superior Court |
| 5. | **State Served:** | District of Columbia |
| 6. | **Case Number:** | 15-004048 |
| 7. | **Case Type:** | Discrimination and Retaliation |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 7/30/2015 |
| 10. | **Date to Client:** | Friday 7/31/2015 |

| | |
|---|---|
| 11. **# Days When Answer Due:** 20 | **CAUTION**: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| **Answer Due Date:** 8/19/2015 | |

| | | |
|---|---|---|
| 12. | **SOP Sender:** (Name, Address and Phone Number) | Michael Plummer<br>Washington, DC<br>(202) 400-0938 |
| 13. | **Shipped to Client By:** | Regular Mail and Email with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 091 |
| 16. | **Notes:** | Please note that due to the carbon paper, the print quality of the original document is poor, as a courtesy the original is being sent to your attention by regular mail. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

MICHAEL PLUMMER
    Vs.                                 C.A. No.      2015 CA 004048 B
OFFICE DEPOT

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge ROBERT D OKUN
Date:  June 4, 2015
Initial Conference: 9:30 am, Friday, September 04, 2015
Location:  Courtroom A-50
          515 5th Street N.W.
          WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_Michael Plummer_

_____
Plaintiff

_Michael Plummer_          vs.
_Office Depot Inc._                              Case Number
_Office Depot/MAX or Corporate Creations Network. Inc._ **15 - 0 0 4 0 4 8**
_____
Defendant

### SUMMONS

To the above named Defendant:     _Office Depot Inc._

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Michael Plummer_                                    _Clerk of the Court_
Name of Plaintiff's Attorney

_3425 Highwood Drive S.E._              By _____
Address                                                          Deputy Clerk
_WASH, DC, 20020_

_202 - 400 - 0938_                          Date _06/04/2015_
Telephone

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_SECRETARIO DEL TRIBUNAL_

Nombre del abogado del Demandante

_____

Por: _____

Dirección                                               Subsecretario

_____

Fecha _____

Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화하십시오          የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

RECEIVED
Civil Clerk's Office
JUN 0 4 2015

FILED
CIVIL ACTIONS BRANCH
JUN 0 4 2015
Superior Court
of the District of Columbia
Washington, DC.

Michael Plummer
3425 Highwood Drive SE
WASH DC 20020

*Plaintiff*

*vs.*

CIVIL ACTION No. 15 - 004048

Office Depot/MAX or Office Depot Inc.
Corporate Creations Network Inc.

1629 K. St. NW # 300
WASH DC 20006

*Defendants*

**COMPLAINT**

Discrimination and Retaliation against Plaintiff's career and employment.

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

Discrimination and Retaliation against Plaintiff's career, reputation and employment. Plaintiff ran effective store location in Northern VA. as acting store Manager but officially an Assistant Store Manager. Plaintiff did not become a store Manager at any location. District Manager overseeing the district promoted only 1 ASM to Store Manager who was _white_ despite myself and other qualified _black_ managers. No plan for growth was given, no valid reason in writing or Individual Development Program. This was reported to HR and the only manager, white, became my Boss and thats when Retaliation took place for an extended period of time against me.

**Wherefore, Plaintiff demands judgement against Defendant in the sum of $** 200,000.00
**with interest and costs.**

Creations Network Inc.

202-400-0938
**Phone:**

**DISTRICT OF COLUMBIA, SS**

_____ **, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.**

Michael Plummer
**(Plaintiff                                         Agent)**

**Subscribed and sworn to before me this** 4th **day of** June **20** 15 .

_____
**(Notary Public/Deputy Clerk)**

FORM CV-1013/ Nov. 00

RECEIVED
Civil Clerk's Office

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

FILED
CIVIL ACTIONS BRANCH
JUN 0 1 2015
Superior Court
of the District of Columbia
Washington DC

Michael Plummer
3425 Ihthwood Dr A St
WDH DC 20020

**JUL 30 2015**

Civil Action No. ___ 0 0 4 0 4 6

Office Depot MAX or Office Depot Inc.
Corporate Creative Network Inc.

1627 K st. NW # 300
WDH DC 20006

Defendants

COMPLAINT

Discrimination and Retaliation against Plaintiff's career and
employment

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

Discrimination and Retaliation against Plaintiff's career, repetition
and employment. Plaintiff ran attractive store location in Fairfax VA. as
acting Store Manager but officially an Assistant Store Manager. Plaintiff did not
become a Store Manager of any. In return Distrcit Manager observing the store
operated only 1 Asm to Store Manager who was unit 2 staff-to targets in
the 1 qualified black managers. No plan for greater loss slam, no valid
reason in writing or Individual Development Program. This was reported to HR
out. The only manager white, because my boss and Heb. was retaliation took it
for no retaliated based of those against not

Wherefore, Plaintiff demands Judgement against Defendant in the sum of $ 300,000.00
with interest and costs.

___ 300,000.00

District of Columbia, SS

Creative Network Inc.

Phone   902-400-0258

_____ being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-off and just grounds of defense.

Michael Plummer

Plaintiff   Agent

Subscribed and sworn to before me this ___ 4th ___ day of ___ July ___ 20 15.

44 pages

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

FILED
CIVIL ___ BRANCH
JUN 04 2015
Superior Court
of the District of Columbia
Washington, DC.

Michael Plummer
3425 Highwood Drive SE
WASH DC 20020

**Plaintiff**

vs.

CIVIL ACTION No. **15 - 0 0 4 0 4 8**

~~Office Depot MAX~~ or ~~Office Depot Inc.~~  in care of
Corporate Creations Network Inc,

Office Depot Inc. in
CARE of  Office Depot MAX

1629 K. St. NW # 300
WASH DC 20006

**Defendants**

## COMPLAINT

Discrimination and Retaliation against Plaintiff's career and
employment.

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

Discrimination and Retaliation against Plaintiff's career, reputation
and employment. Plaintiff ran effective store location in Northern VA. as
acting store Manager but officially an Assistant Store Manager. Plaintiff did not
become a store manager at any location. District Manager overseeing the district
promoted only 1 ASM to Store Manager who was white despite myself and
other qualified black managers. No plan for growth was given, no valid
reason in writing or Individual Development Program. This was reported to HR
and the only manager white became my boss and that's when retaliation took place
for an extended period of time against me.

Wherefore, Plaintiff demands judgement against Defendant in the sum of $ 200,000.00
with interest and costs.

Phone: 202 - 400 - 0938

**DISTRICT OF COLUMBIA, SS**

_____, being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-off and just grounds of defense.

Michael Plummer
(Plaintiff                                                    Agent)

Subscribed and sworn to before me this ___4th___ day of ___June___ 20 _15_.

(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

Case: 2015 CA 004048 B

COMPLETED

To: Michael A. Plummer
3425 Highwood Drive, S.E.
Washington, DC 20020

From: Washington Field Office
131 M Street, N.E.
Suite 4NW02F
Washington, DC 20507

[ ] On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2014-01068 | Alan W. Anderson,<br>Enforcement Supervisor | (202) 419-0756 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

FOR *[signature]*

**Mindy E. Weinstein,**
**Acting Director**

MAR 1 6 2015

Enclosures(s)

*(Date Mailed)*

cc:   Jason Nickerson
Assistant General Counsel
OFFICE DEPOT
6600 North Military Trail
Boca Raton, FL 33496

**Michael Plummer** <michael.plummer192@gmail.com>                    Mon, Jun 23, 2014 at 12:27 AM
To: gina.kendrick@officedepot.com, Michael Plummer <michael.plummer192@gmail.com>

Good Evening Gina,

Cory Rootes was the closing manager last night June 21, 2014. An associate un-named for NOW, informed me that store closing recovery was not done. Once the sole-closing manager, Cory Rootes came downstairs from the upstairs offices, the closing members left for the evening and Cory did not conduct a walk through for compliance. This tells and proves a few things. (1) I, Michael Plummer is being targeted and held to a standard that neither Katherine or himself are being held to. Its also just one of many proves that I am being retaliated against because of my reporting Cory's conducts to you,Ron and the EEOC. Retaliation is against company policy and the Federal Law (EEOC) Here's one proof. When I came in on Thursday, a day after Ron's visit to the store, I was told that recovery wasn't exactly 100% which included finding dust in the store. Based on this, I got an ear full. During this time, I was thinking not out loud, Cory you don't close nearly as much as I do, but when you do, recovery is horrible as I have walked in a seen it and took pictures for proof which available for viewing at any time.  Also there were some cups left over near the tech bench. I already sent you an email on how the store was in terrible shape the morning I came in with the key issue ranging from CPD, supplies and technology just a day after Ron's visit.. Speaking of which, I came in today, and Cory left a coffee cup near the computer monitors that was finished. I know it was his because he always gets coffee with that some cup design, but today it happened to a small coffee vs. a large. So when I spotted the cup, i was going to throw it on in the trash but he took it out of my hands and threw it away himself out of guilt. When i picked up cup, I said out loud, "Were not supposed to have drinks on the floor, not looking directly at him but I was right next to him as I was looking for the closest trash can. Now, based on Ron's visit he enforced a no drinks on the floor to everyone but he did it just today. So to sum this portion up more, I am really exhausted from being targeted and I close on average 4 days per week, every week and there's a lot of pressure placed only on me to perfect the store. This is despite ISCE scheduling going away which means there should be a balance of closings between the co managers if I'm not the OPS manager, which Katherine has been for the last 6 months. Having high standards isnt an issue at all, but when you use it and not have the same level of execution and as a weapon to get documentation or termination approval on someone youre targeted illegally, then it is an issue.

(2) Integrity; During the DM investigation at our store a few months ago, I over heard one of our associates telling another employee that Katherine lead by Cory was recruiting a few or some our store employees to intentionally say bad things about me in order to falsely build up against me which is also slander, I'm assuming to get me into trouble or fired.  Cory communicated to me that Katherine would be the new ASM for the location.  Outside of all of the other infractions by Kathrine, how is that someone who intentionally interfered with an investigation get promoted?  That required personal feelings, unprofessionalism and poor integrity clearly. This is one of our core values. Another question.  How is it that a store manager who is Caucasian, compare one of his managers, an African American to King Kong (ape or monkey) maintain his position at a multi-million dollar store with a multi-billion dollar company or any business environment?

Closing

Gina, if there are any allegations or charges brought up against me from Katherine or Cory or both, before finalization takes place, please contact me and get my side. This is very important because if not, this puts Office Depot into an even deeper liability, because to put it simply, these have lied over and over again against me on different topic areas in order to collaborate the other and to be on the same page with the same lie and continue to do so now. The actual word lie isn't a very polished word to use or write but that's what it is. They have and will twist and manipulate in order to get me out of Office Depot lead by Cory (store manager).
The employee I mentioned at the beginning doesn't wish to be contacted at this time but said they will at the appropriate time. I'm happy with his/her decision because i want to preserve witnesses and not spook them with calls from HR AT THIS TIME. Because of this continuation of this predicament, I continue to be in a hostile environment, targeted  and violated by law. Its arduous to function or flourish in such an environment.

| | |
|---|---|
| | [X] EEOC |
| | 570-2014-01068 |

## Virginia Division of Human Rights

*State or local Agency, if any* and EEOC

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Michael A. Plummer** | **(202) 400-0938** | **08-27-1971** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3425 Highwood Drive, S.E., Washington, DC 20020** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **OFFICE DEPOT** | **500 or More** | **(703) 830-7773** |

| Street Address | City, State and ZIP Code |
|---|---|
| **12275 Price Club Plaza, Fairfax, VA 22030** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN

[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **06-01-2013** | **04-14-2014** |

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began employment with the above listed Respondent on or about February 7, 2011. My most current position is a Customer Experience Manager. I have applied for several General Manager Positions but have been denied a promotion. Other white males have been promoted at the locations for which I have applied for including the Falls Church, Lee Highway, and Fairfax. On or about January 2014, I complained to Gina Kendrick, Human Resource Specialist about the unfavorable treatment. No corrective action was taken. After complaining I was subjected to retaliation. On March 11, 2014, I was given a disciplinary action for an alleged Time and Attendance violation, on or about April 14, 2014, I was disciplined for alleged performance issues.

I believe I have been discriminated against due to my race, Black in violation of the Title VII of the Civil Rights Act of 1964, as amended. I believe I have been retaliated against for engaging in protected activity.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 4-16-14 _____ Date  _____ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# Office DEPOT.

## Performance Correction Document

**Instructions:** *This form is to be used by Managers to document performance deficiencies. This document should be reviewed and signed by the Associate, and then placed in the Associate's file.*

**A copy should also be faxed to HRES at (561) 438-8746 to become a part of the Associate's personnel file.**

| General Information | |
| --- | --- |
| Associate Name: Michael Plummer | EMPL ID# 595711 |
| Date of Occurrence: 2/18/14 2/19/14 | Location # 576 |
| Manager Name: | Manager EMPL ID# 616832 |

**Description of Occurrence:** ☐ Performance/Conduct     x Attendance

Place an "x" in the appropriate category above and provide a description of the occurrence.

**Performance Expectations and Suggested Actions for Consideration**

**You are expected to arrive on time for your assigned shift.**

**Coaching History (i.e., verbal discussions, coaching and feedback)**

I have spoken to Michael about the importance of timeliness. Michael has coached other associates about timeliness and is properly informed of its importance.

**Discipline History**

Check level of current discipline and insert date of previous discipline issued within the last 12 months (the Company may skip any step depending on the nature and severity of the issue):

| Current Discipline | Previous Discipline Date |
| --- | --- |
| x Warning | _____ |
| ☐ Final Warning | _____ |
| ☐ Administrative Leave | _____ to _____ (subject to change) |
| ☐ Termination of Employment | _____ |

**Associate Comments**

**Acknowledgements**

I have discussed this Performance Correction Document with and provided a copy to the Associate.

Manager Signature _Cox Rosko_     Date _3/11/14_

I acknowledge that I have discussed this event with my Manager and received a copy of this document. I understand that I am being warned regarding the above issue and that additional deficiencies may lead to further corrective action, up to and including termination of employment.

Associate Signature _____     Date _3/11/14_

# Office DEPOT.

## PERFORMANCE IMPROVEMENT PROCESS
## MEMORANDUM
(To be completed by Manager)

**This Performance Improvement Process (PIP) Memorandum is typically a 60-day improvement plan[*] that outlines performance issues. Generally, before using this document, performance issues should be addressed through setting performance expectations and providing coaching and feedback. If these methods have not been successful, the PIP is typically used to address multi-faceted performance or competency issues. This Memorandum outlines performance and behavioral competency issues which must be improved. Once this Memorandum is presented to the Associate, the Associate must complete the Action Plan on the reverse side of this form to Management's expectations by the date indicated below. If the Action Plan is not timely completed, the Action Plan steps are not timely implemented, other issues arise during the PIP period, or performance is not improved to Company standards by the end of the process, termination of employment may result. If performance declines during the PIP period or is not sustained after successful completion of the PIP period, termination of employment may result.**

| Associate Name: Michael Plummer | EMPL ID#: 595711 | Hire Date: 02/07/2011 |
|---|---|---|
| Position: Associate Manager | Location: 576 | Today's Date: 4/14/2014 |
| Manager Name: Cory Rootes | Manager ID#: 616832 | |

**Summary of performance or behavioral competency issue:**

Michael has been coached on multiple occasions about his overall performance in the building. There are Several areas of opportunity that I have identified for Michael to improve in his role as an Associate Manager.

Execution and Follow Through-Michael must improve his execution and follow through with assigned tasks. He has been unsuccessful in his day to day planning and completion of required tasks in the building. I have often provided Michael with a list of assignments to complete, and after following up with him I discover that the list has not been completed. I have discussed with Michael the importance of follow up and delegation to ensure that tasks are completed correctly and in a timely manner.

Cash Office Procedures-Michael must improve execution of cash office procedures. Michael has had multiple incidents where not following proper cash office procedures has caused extraneous work for other members of management.

Decision Quality-Michael has been coached on multiple occasions about lapses in decision making quality. I have spoken to him about entering the building alone. In addition I have had a conversation with Michael about punching in early for his assigned shift.

| Previous Counseling Activity: | |
|---|---|
| **Date** | **Description** |
| 12/22/13 | I counseled Michael on the importance of proper ad set completion. |
| 1/1/14 | I counseled Michael on not entering the store alone. |
| 1/7/14 | I counseled Michael on not punching in early for assigned shift on 1/5/14 |
| 1/7/14 | Counseled on improper cash handling when preparing the deposit on 1/6/13 |
| 3/11/14 | Counseled on following direction and POG completion from 3/10/14 |
| 3/12/14 | Counseled on following direction and task completion from 3/11/14 |
| 3/17/14 | Counseled on cash handling and proper cash office closing procedures from 3/15/14 |
| 4/12/14 | Counseled on proper recovery from 4/11/14 |

---

[*] Designation of a PIP period is not a guarantee of employment for the specified period of time.

## MICHAEL A. PLUMMER-------------------------------------------------------------------------------------------------
**3425 Highwood Drive, S.E. Washington, D.C. 20020 *202-400-0938* michael.plummer192@gmail.com**

## ACHIEVEMENTS-----------------------------------------------------------------------------------------
- Launched a Professional Development Series focused on training and developing associates and senior sales executives as well as mangers on various levels ranging from Interviewing and Selection; Employee Relations; Performance Management; customer service; and Diversity topics.
- Championed multiple events in turnaround management in locations for various companies that had poor performance out of certain locations with the aspects of the business including sales, customer service as well as profits and loss.
- Through analyzing reports, managing all aspects of the business through Standard Operations Procedures, creating Organizational Development Programs, Personal Improvement Programs, elevated a retail location to the #1 Profitable location in the United States as verified through Corporate Office.

## EXPERIENCE ----------------------------------------------------------------------------------------------

**Office Depot/Max**                          Fairfax, Virginia
*Co- Manager-Sales/Service*                                        February 2011- Present
- Analyze daily reports to uncover areas of opportunity negatively affecting profits thus giving out daily applicable tasks to employees in all departments along with the proper guidance.
- Conducts trainings for employees to improve overall performance.
- Conduct daily audits for merchandise and inventory integrity.
- Participate in weekly conference calls to elaborate plans to grow the business and to stay inform with new and upcoming company plans and future agendas.
- Oversee compliance for safety and well as new trainings dealing with HR and sales promotions.
- Conduct daily and weekly trainings in collaborating with 1 on 1 trainings with employees to improve performance and share best practices.
- Partner with outside vendors in overseeing new merchandise compliance or new technologies.
- Involvement in setting up outside marketing with small and large business in creating additional revenues.
- Oversee all financials, synthesizes data, business reports, audits and research efforts. HR compliance as well as marketing for maximizing potential profits and solutions daily.

**A-Wireless**                          Silver Spring, Maryland
*Store Manager*                                        October 2010- February 2011
- Conducted daily 1 on 1 trainings with all associates in doing a SWOT analysis for improvement
- Outside marketing events were created with private companies to increase profits in opening new opportunities through promotional sales.
- Led campaign in Business to Business training with team members to further increase revenues.
- Responsible for operational, customer service, merchandising compliance.

- Recruited, hired, trained, coached and developed team members to over exceed daily, weekly and monthly quotas by 10-15%.
- Drove location to #1 in overall business and sales compliance for 3 months in a row.
- Responsible for daily and monthly paperwork retention and compliance via auditing with average score between 92 and 100%

**Safeway Stores, Inc.**                    Falls Church, Virginia

*Assistant Store Manager*                    September 2008 – October 2010

- Trained Department Managers and Cashiers on how to deliver World Class Customer Service
- Traveled to multiple locations and trained on the 5 areas of Delivery Service for Improvement
- Cash, audit compliance as well as conferencing with vendors
- Led campaign for OSHA compliance, safety awareness, union regulations with local 400.
- Scheduled, trained new hires on company policies and procedures.
- Oversaw 200 employees in Flagship Location for Overall Service Compliance via Corp Direction

**Coverall Heath Based Cleaning Systems**    Silver Spring, Maryland

*Franchise Owner*                    February 2009- Present

* Utilize 5 employees in cleaning and maintaining Commercial Accounts according to documented contracts that consists of cleaning tasks and agendas based on cleaning agreement on a weekly basis. Also conduct trainings for green cleaning as well as Bloodborne and Airborne Pathogens and met with customers to walk facilities and to verify superior service and quality of work on a monthly basis.

**Sprint/Nextel Communications**            Laurel, Maryland

*Store Manager*                    October 2003- September 2007

- Created a B2B team who conduct sales push and promotions to large and small organizations.
- Analyzed daily and monthly reports in information systems to discover strengths and opportunities in looking at all subcomponents for immediate improvement in all areas affecting revenues.
- Hired, trained, scheduled and developed at total staff of 30 employees including 2 Assistant Managers.
- Oversaw cash compliance, sales, merchandising, customer services, store cleanliness, operations and full inventory control.

**T-Mobile**                    Rockville, Maryland

*Store Manager*                    April 2003- October 2003

- Outside marketing in setting up sales stations at Universities and Businesses to create incremental sales.
- Analyzed business and managed sales growth through contemplating and deciphering daily sales numbers and reports to grow the business
- Staffed, trained and coached a sales team of 10 employees 1 Assistant and 1 Sales Manager.

**Circuit City**                    Washington, D.C.

*Sales/Store Manager*                    November 1996 to April 2003

- Sold electronics to customers using Total Sales Approach and Solutions

- Managed #1 Express store in the U.S. in total sales coming up for #23
- Oversaw store merchandising, sales, operations, cash and inventory controls
- Conducted weekly conference calls to revenue growth and upcoming promotions
- Traveled between multiple locations in place of the District Manager to manage store managers, and to verify store compliance for sales and operations as well as staffing levels
- Verified HR compliance while partnering with Human Resources.

## *EDUCATION*

**BACHELORS OF SCIENCE, MARKETING, 2005**
Southeastern University;  Washington, D.C.

**ASSOCIATES OF SCIENCE, BUSINESS MANAGEMENT, 2003**
Southeastern University; Washington, D.C.

## *ADDITIONAL INFORMATION*

MICROSOFT APPLICATIONS, CERTIFICATE VIA THE DALE CARNEGIE TRAINING COURSE 2003

in:sent

## Gmail

Move to Inbox          More

COMPOSE          Mental abuse

Inbox (1)
Starred
Important
Sent Mail
Drafts (1)
Circles

**Michael Plummer** <michael.plummer192@gmail.com>
to Gina, bcc: me

Good morning Gina,

When Cory failed this Audit for the 2nd time in a row, he threatened to write me up while we were standing at one of the printer stack outs near the tech b

Michael          Michael A. Plummer



No Hangouts Contacts
Find someone

**Michael Plummer** <michael.plummer192@gmail.com>
to ALAN, bcc: me

Michael A. Plummer

Begin forwarded message:

From: Michael Plummer <michael.plummer192@gmail.com>
Date: January 9, 2015 at 10:26:05 AM EST
To: Gina Kendrick <gina.kendrick@officedepot.com>
Subject: Mental abuse

<

Enclosure with EEOC
Form 161 (11/09)



# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

 **G🖂ail**
by Google

**Michael Plummer <michael.plummer192@gmail.com>**

## New monitor security #576
1 message

**Michael Plummer** <michael.plummer192@gmail.com>                    Sat, Dec 13, 2014 at 11:07 AM
To: "randy.soop@officedepot.com" <randy.soop@officedepot.com>
Bcc: michael.plummer192@gmail.com

Good morning Randy

Here is the full version of cameras and set up that's currently in place.

Michael A. Plummer


**image1.JPG**
1970K

 **Gmail** by Google

**Michael Plummer <michael.plummer192@gmail.com>**

---

## Store #575
3 messages

---

**Michael Plummer** <michael.plummer192@gmail.com>                Mon, Aug 18, 2014 at 12:56 PM
To: Gina Kendrick <gina.kendrick@officedepot.com>, Michael Plummer <michael.plummer192@gmail.com>

Good afternoon Gina,

A second witness stepped forward on Saturday night and stated then when closing with Cory, the store manager, that there was no focus on cleaning the restroom as part of recovery. This furthers proves that I am being targeted, retaliated against and held to a higher standard than himself in an attempt to build a case for my termination. (Cory Rootes).  The employee is Steven Chen of CPD

---

**Gina Kendrick** <gina.kendrick@officedepot.com>                Mon, Aug 18, 2014 at 12:56 PM
To: michael.plummer192@gmail.com

Hello-

I will be out of the office from August 15, 2014 until September 30, 2014.  During this time, I will not have access to e-mail and phone. To ensure prompt response to questions related to payroll, benefits, leaves of absence or YTO/Time Off, you should contact the following support departments directly, using the contact information for your respective banner.


Office Depot Banner Stores:

HR Shared Services (HRSS)

Phone 888-954-4636

Email: HR-Employee-Services@officedepot.com

Hours of Operation: Monday-Friday 8:30 am - 5:30 pm EST


US & Puerto Rico Full-Time Medical & Dental Benefits  - Option 1

Payroll - Option 2

Policy Questions & PeopleSoft Support - Option 3

Educational Reimbursement - Option 4

Voluntary Benefits - Option 5

Leave of Absence/Workers Compensation - Option 6

Employment/Wage Verification - 800-367-5690 (employer code: 10258)


Office Max Banner Stores:

Associate Resource Center (ARC)

Phone 888-466-2947

Email: AssociateResourceCenter@officemax.com

Hours of Operation: Monday-Friday 7:30 am - 5:00 pm CST

Employment/Wage Verification - 800-367-5690 (employer code: 70097)


For Employee Relations issues (ex. associate concerns and conflict ,
policy violations, , disciplinary action, termination review,
etc.),please contact Human Resources Business Partner, Juan Cedres at
561-438-2041,

e-mail: juan.cedres@officedepot.com


For Recruiting questions:

Please contact Regional Recruiter, Mary Bend at 815-537-1190, e-mail:
marybend@officemax.com


For Talent Management and Workforce Planning questions (ex. staffing,
promotions, transfers, compensation, staff reductions/store closures),
please contact HRBP, Colleen Celmer at 585-370-1389, e-mail:
colleen.celmer@officedepot.com



Thank you!


--
 Gina Kendrick


Sr. Consultant, Employee Relations, R10 - East | Office Depot, Inc.
5 Neshaminy Interplex Suite 101 | Trevose, PA 19053
Tel: 267.977.0104 | Fax: 561.438.3635 | gina.kendrick@officedepot.com

[image: Office Depot | Max]

CONFIDENTIALITY NOTICE: The information contained in this email and
attached document(s) may contain confidential information that is intended

only for the addressee(s). If you are not the intended recipient, you are
hereby advised that any disclosure, copying, distribution or the taking of
any action in reliance upon the information is prohibited. If you have
received this email in error, please immediately notify the sender and
delete it from your system.

---

**Michael Plummer** <michael.plummer192@gmail.com>                Mon, Jan 12, 2015 at 7:35 PM
To: ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Michael A. Plummer

Begin forwarded message:

> **From:** Michael Plummer <michael.plummer192@gmail.com>
> **Date:** August 18, 2014 at 12:56:12 PM EDT
> **To:** Gina Kendrick <gina.kendrick@officedepot.com>, Michael Plummer
> <michael.plummer192@gmail.com>
> **Subject: Store #575**
>
> Good afternoon Gina,
>
> A second witness stepped forward on Saturday night and stated then when closing with Cory,
> the store manager, that there was no focus on cleaning the restroom as part of recovery. This
> furthers proves that I am being targeted, retaliated against and held to a higher standard than
> himself in an attempt to build a case for my termination. (Cory Rootes). The employee is
> Steven Chen of CPD

in:sent

Gmail

COMPOSE

Inbox (1)
Starred
Important
**Sent Mail**
Drafts (1)
Circles
...

Michael

No Hangouts Contacts
Find someone

Different rules-4                                    Move to Inbox          More

**Michael Plummer** <michael.plummer192@gmail.com>
to Gina, bcc: me

These are 2 coffee cups from Cory, the store manager. The one that's near all the junk near the air duster and phone is what he left behind at the end of l
integrity, different rules for me, ethics via ultimately to terminate my employment despite the law and even Office Depot Max's own Policies.

Michael A. Plummer

**2 Attachments**



**Michael Plummer** <michael.plummer192@gmail.com>
to ALAN, bcc: me

Michael A. Plummer

Begin forwarded message:

**From:** Michael Plummer <michael.plummer192@gmail.com>



Gmail

**COMPOSE**

**#576**   Inbox   x

Inbox (1)
Starred
Important
**Sent Mail**
Drafts (1)
Circles

Michael

Move to Inbox      More

**Michael Plummer** <michael.plummer192@gmail.com>
to Gina, bcc: me

Good afternoon Gina,

You are being sent this email and these photo as proof of unaccountable from Cory onto the other managers whom are given the turn of the cheek so to :
myself of just some of the issues I walked into yesterday morning

Michael A. Plummer

**4 Attachments**

No Hangouts Contacts
**Find someone**

in:sent

Gmail                                    Move to Inbox          More

COMPOSE          Unsecured Store

Inbox (1)            Michael Plummer
Starred              Good morning team, At about 858 or 859am, I was walking towards the front ent...
Important
Sent Mail            Michael Plummer <michael.plummer192@gmail.com>
Drafts (1)           to ALAN, bcc: me
Circles
                     Michael A. Plummer
● Michael
                     Begin forwarded message:

                         From: Michael Plummer <michael.plummer192@gmail.com>
                         Date: January 10, 2015 at 9:48:38 AM EST
                         To: Gina Kendrick <gina.kendrick@officedepot.com>, Randy Soop <randy.soop@officedepot.com>
                         Subject: Unsecured Store


                         Good morning team,

                         At about 858 or 859am, I was walking towards the front entrance door of the store in preparing for opening day business, thus discovering that the

                         

No Hangouts Contacts
Find someone

< ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨

Case 1:15-cv-01346   Document 1-2   Filed 08/19/15   Page 26 of 57



Michael Plummer <michael.plummer192@gmail.com>

---

## Why now?
2 messages

---

**Michael Plummer** <michael.plummer192@gmail.com>
Mon, Jan 12, 2015 at 11:41 AM

To: Gina Kendrick <gina.kendrick@officedepot.com>, Michael Plummer <michael.plummer192@gmail.com>

Good morning all,

Quickly getting to point, why is it now that Cory at least wants to give the image that he's going to hold others managers accountable outside of the myself as it pertains to the level he holds me too? Is it a cover up?, it was to avoid further liability? Why does it take for me to contact HR, to contact Cory to create fairness in this store? Why now? What of integrity? If documentation is given to other managers, will the correct dates and information be on it to give the false impression that even and equal accountability has always been in place? Based on history, IT HASN'T. Why did Katherine mention to me the other day or touch on the subject referring to Cory is treating everybody the same? This also means that he is still conversing with her about topics and information about people that are evenly ranked or higher than her and that's inappropriate and unprofessional. This is nothing new by way and has always been this case since they came in together from store #521 closing. Trying to avoid consequences is too late at this point in time because fairness, even playing field, integrity and up holding the law should have been in place all the long and we would be in the positions we're in.

---

**Michael Plummer** <michael.plummer192@gmail.com>
Mon, Jan 12, 2015 at 6:42 PM

To: ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Michael A. Plummer

Begin forwarded message:

> **From:** Michael Plummer <michael.plummer192@gmail.com>
> **Date:** January 12, 2015 at 11:41:48 AM EST
> **To:** Gina Kendrick <gina.kendrick@officedepot.com>, Michael Plummer <michael.plummer192@gmail.com>
> **Subject: Why now?**
>
> Good morning all,
>
> Quickly getting to point, why is it now that Cory at least wants to give the image that he's going to hold others managers accountable outside of the myself as it pertains to the level he holds me too? Is it a cover up?, it was to avoid further liability? Why does it take for me to contact HR, to contact Cory to create fairness in this store? Why now? What of integrity? If documentation is given to other managers, will the correct dates and information be on it to give the false impression that even and equal accountability has always been in place? Based on history, IT HASN'T. Why did Katherine mention to me the other day or touch on the subject referring to Cory is treating everybody the same? This also means that he is still conversing with her about topics and information about people that are evenly ranked or higher than her and that's inappropriate and unprofessional. This is nothing new by way and

has always been this case since they came in together from store #521 closing. Trying to avoid consequences is too late at this point in time because fairness, even playing field, integrity and up holding the law should have been in place all the long and we would be in the positions we're in.

 **Michael Plummer <michael.plummer192@gmail.com>**

---

## Notes #576
2 messages

---

**Michael Plummer** <michael.plummer192@gmail.com>                    Mon, Dec 22, 2014 at 7:56 PM
To: Gina Kendrick <gina.kendrick@officedepot.com>
Bcc: michael.plummer192@gmail.com

> There are many things going on with connecting with other associates in trying to get infractions of any kind
> against me from Cory that I'm fully aware of. Details will come at a later date.

> Michael A. Plummer

---

**Michael Plummer** <michael.plummer192@gmail.com>                    Mon, Jan 12, 2015 at 6:46 PM
To: ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

> Michael A. Plummer

> Begin forwarded message:

> > **From:** Michael Plummer <michael.plummer192@gmail.com>
> > **Date:** December 22, 2014 at 7:56:15 PM EST
> > **To:** Gina Kendrick <gina.kendrick@officedepot.com>
> > **Subject: Notes #576**

> > There are many things going on with connecting with other associates in trying to get
> > infractions of any kind against me from Cory that I'm fully aware of. Details will come at a later
> > date.

> > Michael A. Plummer



**Michael Plummer <michael.plummer192@gmail.com>**

---

## Additional follow up for New Year
3 messages

---

**Michael Plummer** <michael.plummer192@gmail.com>                Tue, Jan 13, 2015 at 8:32 AM
To: Gina Kendrick <gina.kendrick@officedepot.com>, ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Good morning Gina,

   I need to pass along other important notes.1 You asked me a question over the phone a few weeks ago
about working through the April 2014 documentation from Cory. You actually asked me that a few times
over the phone last year.  The answer is NO. Cory and have not spoken one iota about any documentation
he issued me. Not once since then as I stated to you on the phone on both occasions when we had spoken
over the phone. The document skipped levels and went straight to a 60 day, which was falsified and
packed with items from every direction to quick lead to termination and to have a paper trail all again based
on retaliation and targeting an employee. I also asked you was this documentation carefully put together
and checked by you and I never got a response back. I also requested to have a meeting with you to sit
down and look through my file and that was never granted so I could address and see what was in it for my
knowledge
And awareness. Please give me a number or lead me to the paperwork for time away from Office Depot. I
will also seek counseling through our benefits as well if you could help me please. Thanks

Michael A. Plummer

---

**ALAN ANDERSON** <ALAN.ANDERSON@eeoc.gov>                Tue, Jan 13, 2015 at 8:40 AM
To: Michael Plummer <michael.plummer192@gmail.com>

Mr. Plummer,

I have received  your emails.  Once I have had the chance to review them I will determine the next course
of action.


Alan W. Anderson
Enforcement Supervisor




>>> Michael Plummer <michael.plummer192@gmail.com> 1/13/2015 8:32 AM >>>
[Quoted text hidden]

---

**Michael Plummer** <michael.plummer192@gmail.com>                Tue, Jan 13, 2015 at 8:45 AM
To: ALAN ANDERSON <ALAN.ANDERSON@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Thanks Mr.Anderson,

This is so serious, it's unbelievable. I'm being targeted everyday with this company for over a year now. I

---

just want to get out of this nightmare. Thanks for being there and helping. Let me know anyway I can assist or provide any needed further information. Have an awesome day and week ahead.

Michael A. Plummer
[Quoted text hidden]



**Michael Plummer <michael.plummer192@gmail.com>**

## Part 11 Jason Monroe
2 messages

**Michael Plummer** <michael.plummer192@gmail.com>          Fri, Aug 15, 2014 at 4:56 PM
To: Gina Kendrick <gina.kendrick@officedepot.com>, Michael Plummer <michael.plummer192@gmail.com>

Jason injury should have been taken seriously and treated like any other employee. Its should have been
called in to Risk Management with other precautions taken after someone hitting their head. What if he
passed out later, or while driving home and injured others mistakingly on the home?

---

**Michael Plummer** <michael.plummer192@gmail.com>          Mon, Jan 12, 2015 at 7:54 PM
To: ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Michael A. Plummer

Begin forwarded message:

**From:** Michael Plummer <michael.plummer192@gmail.com>
**Date:** August 15, 2014 at 4:56:33 PM EDT
**To:** Gina Kendrick <gina.kendrick@officedepot.com>, Michael Plummer
<michael.plummer192@gmail.com>
**Subject: Part 11 Jason Monroe**

Jason injury should have been taken seriously and treated like any other employee. Its
should have been called in to Risk Management with other precautions taken after someone
hitting their head. What if he passed out later, or while driving home and injured others
mistakingly on the home?



Michael Plummer <michael.plummer192@gmail.com>

---

## Resignation
2 messages

---

**Michael Plummer** <michael.plummer192@gmail.com>                Mon, Feb 2, 2015 at 9:39 AM
To: Gina Kendrick <gina.kendrick@officedepot.com>, ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Good morning all,

   Based upon the sake of my mental state of mind, and mental health short and long term, it is surely my best interests that I resign from Office Depot Stores.  For over a year, I have and continue, to go through an enormous amount of stress, trauma and unfair treatment in a hostile and toxic environment. I can no longer deal with the discriminatory practices, mistreatment, targeting, utter humiliation, unfair scheduling and glass ceiling practices. Over and over again, I have asked for my careers interests to be taken seriously, I have asked to be transferred, warned about potential and new unfair treatment via scheduling for example,  I have always tried to do the right things by working hard, always doing what my managers asked me to do with the highest sense of urgency, reported ethnic and integrity violations in all stores that I've worked in, motivate employees, give customers the best and most unique shopping experiences over the last four years. I have received little or no help from HR and the Office Depot hotline in solving major infractions against me such as my manager, Cory comparing me to a monkey, putting false information in documentation in developing a paper trail in order to ultimately get rid of me, discriminatory practices by a DM who promoted no African Americans to store manager under his leadership in northern va, less ranked employees recruited to watch me and encouraged to say bad things about me during a DM investigations into the store, insensitive racial comments like the BLACK MARKET and more. In working in this store, I find my self in having more headaches, higher blood pressure and depressed. Imagine working with a manager everyday who doesn't value African Americans, compared you to a money and constantly targets in multiple ways daily. The recruiting of others to say things to slander my name is a constant. No job is worth putting yourself through the trauma and this type toxic environment. Office Depot realistically needs to revamp its focus with serious efforts on its integrity, respect for ALL of its employees and ethics in ALL of its locations. Expect Office Depot to potentially try to adjust, make changes and even falsify information in its system and else where in order to give a false image that it's NOW trying to help since I haven't been in its stores since 2 weeks before this date today and to build an army behind closed stores that will say negative things about me across racial lines for its advantage.

   Michael A. Plummer

---

**Gina Kendrick** <gina.kendrick@officedepot.com>                Mon, Feb 2, 2015 at 12:18 PM
To: Michael Plummer <michael.plummer192@gmail.com>

Hi Michael,

I will retain your resignation for our records.

## Gina Kendrick

Sr. Consultant, Employee Relations, R10 - East | Office Depot, Inc.
5 Neshaminy Interplex Suite 101 | Trevose, PA 19053
Tel: 267.977.0104 | Fax: 561.438.3635 | gina.kendrick@officedepot.com

## Office DEPOT. OfficeMax

---



Michael Plummer <michael.plummer192@gmail.com>

---

## Resignation
2 messages

---

**Michael Plummer** <michael.plummer192@gmail.com>                Mon, Feb 2, 2015 at 9:39 AM
To: Gina Kendrick <gina.kendrick@officedepot.com>, ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Good morning all,

   Based upon the sake of my mental state of mind, and mental health short and long term, it is surely my best interests that I resign from Office Depot Stores.  For over a year, I have and continue, to go through an enormous amount of stress, trauma and unfair treatment in a hostile and toxic environment. I can no longer deal with the discriminatory practices, mistreatment, targeting, utter humiliation, unfair scheduling and glass ceiling practices. Over and over again, I have asked for my careers interests to be taken seriously, I have asked to be transferred, warned about potential and new unfair treatment via scheduling for example,  I have always tried to do the right things by working hard, always doing what my managers asked me to do with the highest sense of urgency, reported ethnic and integrity violations in all stores that I've worked in, motivate employees, give customers the best and most unique shopping experiences over the last four years. I have received little or no help from HR and the Office Depot hotline in solving major infractions against me such as my manager, Cory comparing me to a monkey, putting false information in documentation in developing a paper trail in order to ultimately get rid of me, discriminatory practices by a DM who promoted no African Americans to store manager under his leadership in northern va, less ranked employees recruited to watch me and encouraged to say bad things about me during a DM investigations into the store, insensitive racial comments like the BLACK MARKET and more. In working in this store, I find my self in having more headaches, higher blood pressure and depressed. Imagine working with a manager everyday who doesn't value African Americans, compared you to a money and constantly targets in multiple ways daily. The recruiting of others to say things to slander my name is a constant. No job is worth putting yourself through the trauma and this type toxic environment. Office Depot realistically needs to revamp its focus with serious efforts on its integrity, respect for ALL of its employees and ethics in ALL of its locations. Expect Office Depot to potentially try to adjust, make changes and even falsify information in its system and else where in order to give a false image that it's NOW trying to help since I haven't been in its stores since 2 weeks before this date today and to build an army behind closed stores that will say negative things about me across racial lines for its advantage.

   Michael A. Plummer

---

**Gina Kendrick** <gina.kendrick@officedepot.com>                Mon, Feb 2, 2015 at 12:18 PM
To: Michael Plummer <michael.plummer192@gmail.com>

Hi Michael,

I will retain your resignation for our records.

## Gina Kendrick

Sr. Consultant, Employee Relations, R10 - East | Office Depot, Inc.
5 Neshaminy Interplex Suite 101 | Trevose, PA 19053
Tel: 267.977.0104 | Fax: 561.438.3635 | gina.kendrick@officedepot.com

## Office DEPOT. OfficeMax



**Michael Plummer <michael.plummer192@gmail.com>**

---

## Copy of write ups
1 message

---

**Michael Plummer** <michael.plummer192@gmail.com>          Mon, Jan 26, 2015 at 12:13 AM
To: Gina Kendrick <gina.kendrick@officedepot.com>, ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Gina can you do me a favor and email me the two write ups that Cory put me on please? I need those for various reasons. The first write up was on time and attendance. I was written up partially because I came to work late because my father whom is elderly needed me with him while he was at the hospital getting testing on various health ailments. My father doesn't have any other children besides me to be there for him. I texted Cory to let him know well ahead of time that I was going to be late and I also needed to make sure my father was home safe and had all his prescriptions filled from Safeway Pharmacy. I asked Cory why are you writing me up for being late when I told you I was with my dad at Washington Hospital Center in DC. Cory's response was, you could have put him in a cab. The other write up was when he took me straight to a 60 day without prior document via corrective action. Many of the items on this document I discussed with you based on being inaccurate and fraudulent. I also asked you was it reviewed carefully by HR, why was Cory allowed to put items that weren't true, etc?

Michael A. Plummer

---



Michael Plummer <michael.plummer192@gmail.com>

---

## Last points on write ups
1 message

---

**Michael Plummer** <michael.plummer192@gmail.com>                    Fri, Jan 30, 2015 at 10:16 AM
To: ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Mr Anderson, I had never had any issues with my performance or level of execution with Office Depot before Don Hislter and Cory Rootes. I have been with company for almost 4 years starting back in February 2011. I had never been written up before on anything in working with multiple managers at different locations before working with these individuals. Noted!

Michael A. Plummer



Michael Plummer <michael.plummer192@gmail.com>

---

## More evidence of retailiation
1 message

---

**Michael Plummer** <michael.plummer192@gmail.com>         Wed, Jan 14, 2015 at 6:05 PM

To: Gina Kendrick <gina.kendrick@officedepot.com>, ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Good evening Gina,

   I warned well before this moment that forms of retaliation would occur in numerous ways, and one of them is scheduling. If you look at work force management, WFM, our scheduling system, you will notice that on average during a weekly basis, I am scheduled 80% to cover the closing shifts. This week I'm closing 5 days on a 5 day work week. I never told Cory Rootes 1 time ever, that I prefer closing and or working such a schedule. Not once. We have 5 managers in this location and we do give help to other locations that are short, but there is no reason for me to be scheduled with so many closing shifts. This yet again is unfair and wrong. Why is Katherine given significantly less closings than I? Based on historical evidence and occurrences, we know the answer to that. Despite me sending emails via warnings that this would occur, why has this been allowed to happen? Gina please let me know is there some process or paperwork or person to contact in using my PTO? I am mentally drained among other things in dealing with this and more for a little over a year now. Please respond.

Michael A. Plummer

---



**IMG_0406.JPG**
2425K



Michael Plummer <michael.plummer192@gmail.com>

---

## Evidence for unbalanced accountability

1 message

---

**Michael Plummer** <michael.plummer192@gmail.com>                                   Fri, Jan 16, 2015 at 12:33 AM
To: Gina Kendrick <gina.kendrick@officedepot.com>, ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Good evening,

An associate of 5 years by the name of Andrea Mercado tonight made comments during the nightly
recovery process that last weeks recovery efforts were poor. Specifically, she stated the closing manager
on Friday night didn't hold store team members accountable based on the cosmetics of the store. In
November of 2014, associate Laura Ivey, raised concerns that some other managers don't check the store
as they are supposed to as I do with them. This comment was also made in front of Andrea Mercado in the
supply section of the store between aisles 7 and 10 during the night recovery process.

Michael A. Plummer



**Michael Plummer <michael.plummer192@gmail.com>**

---

## Last points on write ups
1 message

---

**Michael Plummer** <michael.plummer192@gmail.com>                    Fri, Jan 30, 2015 at 10:16 AM
To: ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Mr Anderson, I had never had any issues with my performance or level of execution with Office Depot
before Don Hislter and Cory Rootes. I have been with company for almost 4 years starting back in
February 2011. I had never been written up before on anything in working with multiple managers at
different locations before working with these individuals. Noted!

Michael A. Plummer

 **G🖂ail**
by Google

Michael Plummer <michael.plummer192@gmail.com>

## Michael Plummer
4 messages

---

**Cory Rootes ODS00576** <ods00576@officedepot.com>                  Tue, Apr 15, 2014 at 8:01 PM
To: Gina Kendrick <gina.kendrick@officedepot.com>, Michael Plummer <michael.plummer192@gmail.com>,
Ron Riddick <Ron.Riddick@officedepot.com>

Good evening,

Gina and Ron, the events here at #576 have turned for the worst.  My manager, Cory Roots has given me
additional documentation in the form of corrective action via a 60 day PIP.  I am now under the illegal acts
of retaliation and harrasment.  The items of the documentation are not valid based on my performance in
this location or another location I've been a part of .  To elaborate, I went over a few of the items that lead
up to the documentation, and Cory, my manager, could not validate and answer a series of my questions.  I
should not have my manager attempting to terminate my employment because I have recently reported
some of his business actions here at Office Depot in addition to other reasons. This is against EEOC and
Office Depot policies.  I have also asked numerous times, to have the opportunity to service Office Depot at
other locations for some time, but that unfortunately has not happend either.  I have always worked hard,
motivated team memebers, follow the directions of my managers along with a sense of urgency and report
to work with positive energy and motivated in striving to make each better than the prior for the sake of the
business and employee morale. I have been consistent over the 3 years in all of these areas and more.
Please call me so that we can discuss and do the right thing within integrity and ethics.  Thank you for your
attention to this matter, as I wanted everyone to be in the loop with this important issue at the same time. I
also have an issue with the timing of my documentations, also seeming to come after a major
hindrance. Leadership is everything and I should never or anyone else for that matter,  have to break up an
altercation on the sales floor between the store manager, Cory and one of his employees on the sales that
freightened one of our customers this past Saturday , and to further document me on invalid issues
or inconsistencies is beyond understanding.  Any issue that I have been coached on, I quickly corrected
and there hasn't been any major operational or detriments to this location to encourage new
documentations and negative marks on my status and overall performance here at Office Depot.   I
apologize if I have jumped any levels of reporting.
--
Michael Plummer
Customer Experience Manager
Office Depot
12275 Price Club Plaza #C
Fairfax, VA 22030
703-830-7773

---

**Michael Plummer** <michael.plummer192@gmail.com>                  Tue, Jan 13, 2015 at 5:27 AM
To: ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Michael A. Plummer

Begin forwarded message:

> **From:** Cory Rootes ODS00576 <ods00576@officedepot.com>
> **Date:** April 15, 2014 at 8:01:29 PM EDT

**To:** Gina Kendrick <gina.kendrick@officedepot.com>, Michael Plummer
<michael.plummer192@gmail.com>, Ron Riddick <Ron.Riddick@officedepot.com>
**Subject: Michael Plummer**

[Quoted text hidden]

---

**Michael Plummer** <michael.plummer192@gmail.com>        Tue, Jan 13, 2015 at 8:09 AM
To: ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Michael A. Plummer

Begin forwarded message:

> **From:** Cory Rootes ODS00576 <ods00576@officedepot.com>
> **Date:** April 15, 2014 at 8:01:29 PM EDT
> **To:** Gina Kendrick <gina.kendrick@officedepot.com>, Michael Plummer
> <michael.plummer192@gmail.com>, Ron Riddick <Ron.Riddick@officedepot.com>
> **Subject: Michael Plummer**
>
>
> Good evening,
> [Quoted text hidden]

---

**Michael Plummer** <michael.plummer192@gmail.com>        Tue, Jan 13, 2015 at 9:43 AM
To: ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Michael A. Plummer

Begin forwarded message:

> **From:** Michael Plummer <michael.plummer192@gmail.com>
> **Date:** January 13, 2015 at 8:09:34 AM EST
> **To:** ALAN ANDERSON <alan.anderson@eeoc.gov>
> **Subject: Fwd: Michael Plummer**

[Quoted text hidden]



Michael Plummer <michael.plummer192@gmail.com>

## Additional follow up for New Year
3 messages

---

**Michael Plummer** <michael.plummer192@gmail.com>                    Tue, Jan 13, 2015 at 8:32 AM
To: Gina Kendrick <gina.kendrick@officedepot.com>, ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Good morning Gina,

    I need to pass along other important notes.1 You asked me a question over the phone a few weeks ago
about working through the April 2014 documentation from Cory. You actually asked me that a few times
over the phone last year.  The answer is NO. Cory and have not spoken one iota about any documentation
he issued me. Not once since then as I stated to you on the phone on both occasions when we had spoken
over the phone. The document skipped levels and went straight to a 60 day, which was falsified and
packed with items from every direction to quick lead to termination and to have a paper trail all again based
on retaliation and targeting an employee. I also asked you was this documentation carefully put together
and checked by you and I never got a response back. I also requested to have a meeting with you to sit
down and look through my file and that was never granted so I could address and see what was in it for my
knowledge
And awareness. Please give me a number or lead me to the paperwork for time away from Office Depot. I
will also seek counseling through our benefits as well if you could help me please. Thanks

Michael A. Plummer

---

**ALAN ANDERSON** <ALAN.ANDERSON@eeoc.gov>                    Tue, Jan 13, 2015 at 8:40 AM
To: Michael Plummer <michael.plummer192@gmail.com>

Mr. Plummer,

I have received  your emails.  Once I have had the chance to review them I will determine the next course
of action.

Alan W. Anderson
Enforcement Supervisor

>>> Michael Plummer <michael.plummer192@gmail.com> 1/13/2015 8:32 AM >>>
[Quoted text hidden]

---

**Michael Plummer** <michael.plummer192@gmail.com>                    Tue, Jan 13, 2015 at 8:45 AM
To: ALAN ANDERSON <ALAN.ANDERSON@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Thanks Mr.Anderson,

This is so serious, it's unbelievable. I'm being targeted everyday with this company for over a year now. I

just want to get out of this nightmare. Thanks for being there and helping. Let me know anyway I can assist or provide any needed further information. Have an awesome day and week ahead.

Michael A. Plummer

[Quoted text hidden]



Michael Plummer <michael.plummer192@gmail.com>

---

## Year End Review/Follow Up
3 messages

---

**Michael Plummer** <michael.plummer192@gmail.com>

Mon, Jan 12, 2015 at 11:24 AM

To: Gina Kendrick <gina.kendrick@officedepot.com>, Michael Plummer <michael.plummer192@gmail.com>

Good Morning to Gina and all,

    First, let me apologize on the grammatical errors that are on many of the emails from 2014. Going back to last year, because this was partially where all of the issues originated that I am still dealing with today. In 2013, Don Hisler, a current District Manager with Office Depot, now leading stores in Southern Va, was the District manager during part of my time as an Assistant Store Manager when I was at store #364, Merrifield, part of the Northern Virginia Area here in the DC Metro Area. In short, my last review that I received from Office Depot was out of this store and my overall rating based upon the metrics put in place by Office Depot were Meet Expectations, which is the highest rating most managers get on their yearly evaluations.Because of this, I received a 3-4% pay increase. To back track a little, I also received a pay increase from working under a well respected store manager at the Falls Church store before this based on my overall performance as an ASM in 2012 starting in 2011.  This was evaluated and completed by the former Store Manager and boss, #364, at the time before his exit of the company.  When I took over the store in the early spring of that year, the store's performance went up in many aspects of Key Performance Indicators set forth by Office Depot with consistency.  I made it very clear that my goal was to become a Store Manager and that I wanted to work for and earn it the old fashion way in putting in the hours and hard work. As an acting store manager, some of the first things I did was to focus on training, rebuild the ICE culture or In store customer experience, customer service, customer surveys, store cleanliness and organization. All of these areas excelled under my tenure as acting SM. I also submitted a detailed 90- plan to Don on store goals that were going to be met and how the store was going to achieve these numbers.  I had no documentation or corrective active against me at the time including my career with Office Depot at that point in time.   Long story short, *I DID NOT GET THE PROMOTION.* I was told by Don Hisler, "I just don't think you're ready" He also told another manager, I don't think i can deal with all of his energy. So my reward for running an overall successful campaign at store 364 was being shipped off further away from home, no IDP or Individual Development Plan and a target on my back. I sent an email in Jan of 2014 and had a conversation with HR, Gina about racial discrimination from Don in being a major factor in my non-promotion under Don. It was discovered that Don asked Terry Cox, former store manager at #576 where i currently am, why is he still here? referring to me and my employment with Office Depot. Now, during Don's tenure during this time frame, he had numerous African American Assistant Store Managers who were interested in being Store Managers.  This number was probably around 5-6, give or take.  He promoted none of this African American Managers to Store Manager but did in fact promote one Caucasian manager by the name of Cory Rootes, my current boss.  In working with Cory on an everyday basis it was obvious that Cory Rootes was elated working for Don and was very loyal to him.  Some of the African American Managers that were bypassed includes myself, Justice Johnson, Wendell at the Woodbridge VA location to name a few. Of course, there weren't as many white ASM candidates as black candidates. It must be noted that the way the Office Depot structure is set up is that the District Manager, not a store manager or even  HR has the most powerful impact on whether an ASM is promoted to Store Manager or not.  Speaking of District Managers again, between the years of 2011 and 2014 in the Northern Virginia area, over 90% of the African Americans ASM's if not higher, that were promoted to Store Manager, were promoted by the one African American District Manager.  This includes tenures of former District Manager Greg Lane and current District Manager, Don Histler.  Why is that? That doesn't appear to be *EQUAL OPPORTUNITY.* I need to make this very clear, this case and these issues aren't about the African American District Manager Ron Riddick or me applying to the DC location for Store Manager.  This again is an integrity issue with Office Depot in dealing with the real issues at hand that have been going on for over a year now in an attempt to divert from all of the issues for the sake of an EEOC investigation and more. I have called the employee hot line of Office Depot reporting issues of integrity, retaliation and discrimination

at least twice in 2014 and I have case numbers. *Retaliation is illegal against someone who reports infractions to HR, EEOC and the employee Hot line. We may have to expect more falsifying documents, twisting of the truth and access to information to truly resolve these issues from history to current and to benefit those to become to have more opportunities and an equal playing field.*

---

**Michael Plummer** <michael.plummer192@gmail.com>

To: ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Mon, Jan 12, 2015 at 6:22 PM

Michael A. Plummer

Begin forwarded message:

> **From:** Michael Plummer <michael.plummer192@gmail.com>
> **Date:** January 12, 2015 at 11:24:57 AM EST
> **To:** Gina Kendrick <gina.kendrick@officedepot.com>, Michael Plummer <michael.plummer192@gmail.com>
> **Subject: Year End Review/Follow Up**

Good Morning to Gina and all,

   First, let me apologize on the grammatical errors that are on many of the emails from 2014. Going back to last year, because this was partially where all of the issues originated that I am still dealing with today. In 2013, Don Hisler, a current District Manager with Office Depot, now leading stores in Southern Va, was the District manager during part of my time as an Assistant Store Manager when I was at store #364, Merrifield, part of the Northern Virginia Area here in the DC Metro Area. In short, my last review that I received from Office Depot was out of this store and my overall rating based upon the metrics put in place by Office Depot were Meet Expectations, which is the highest rating most managers get on their yearly evaluations.Because of this, I received a 3-4% pay increase. To back track a little, I also received a pay increase from working under a well respected store manager at the Falls Church store before this based on my overall performance as an ASM in 2012 starting in 2011.  This was evaluated and completed by the former Store Manager and boss, #364, at the time before his exit of the company. When I took over the store in the early spring of that year, the store's performance went up in many aspects of Key Performance Indicators set forth by Office Depot with consistency. I made it very clear that my goal was to become a Store Manager and that I wanted to work for and earn it the old fashion way in putting in the hours and hard work. As an acting store manager, some of the first things I did was to focus on training, rebuild the ICE culture or In store customer experience, customer service, customer surveys, store cleanliness and organization. All of these areas excelled under my tenure as acting SM. I also submitted a detailed 90- plan to Don on store goals that were going to be met and how the store was going to achieve these numbers.  I had no documentation or corrective active against me at the time including my career with Office Depot at that point in time.   Long story short, *I DID NOT GET THE PROMOTION.* I was told by Don Hisler, "I just don't think you're ready" He also told another manager, I don't think i can deal with all of his energy.  So my reward for running an overall successful campaign at store 364 was being shipped off further away from home, no IDP or Individual Development Plan and a target on my back. I sent an email in Jan of 2014 and had a conversation with HR, Gina about racial discrimination from Don in being a major factor in my non-promotion under Don.  It was discovered that Don asked Terry Cox, former store manager at #576 where i currently am, why is he still here? referring to me and and my employment with Office Depot.

Now, during Don's tenure during this time frame, he had numerous African American Assistant Store Managers who were interested in being Store Managers. This number was probably around 5-6, give or take. He promoted none of this African American Managers to Store Manager but did in fact promote one Caucasian manager by the name of Cory Rootes, my current boss. In working with Cory on an everyday basis it was obvious that Cory Rootes was elated working for Don and was very loyal to him. Some of the African American Managers that were bypassed includes myself, Justice Johnson, Wendell at the Woodbridge VA location to name a few. Of course, there weren't as many white ASM candidates as black candidates. It must be noted that the way the Office Depot structure is set up is that the District Manager, not a store manager or even HR has the most powerful impact on whether an ASM is promoted to Store Manager or not. Speaking of District Managers again, between the years of 2011 and 2014 in the Northern Virginia area, over 90% of the African Americans ASM's if not higher, that were promoted to Store Manager, were promoted by the one African American District Manager. This includes tenures of former District Manager Greg Lane and current District Manager, Don Histler. Why is that? That doesn't appear to be **EQUAL OPPORTUNITY**. I need to make this very clear, this case and these issues aren't about the African American District Manager Ron Riddick or me applying to the DC location for Store Manager. This again is an integrity issue with Office Depot in dealing with the real issues at hand that have been going on for over a year now in an attempt to divert from all of the issues for the sake of an EEOC investigation and more. I have called the employee hot line of Office Depot reporting issues of integrity, retaliation and discrimination at least twice in 2014 and I have case numbers. **Retaliation is illegal against someone who reports infractions to HR, EEOC and the employee Hot line. We may have to expect more falsifying documents, twisting of the truth and access to information to truly resolve these issues from history to current and to benefit those to become to have more opportunities and an equal playing field.**

---

**Michael Plummer** <michael.plummer192@gmail.com>                    Tue, Jan 13, 2015 at 5:31 AM
To: ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Michael A. Plummer

Begin forwarded message:

> **From:** Michael Plummer <michael.plummer192@gmail.com>
> **Date:** June 20, 2014 at 10:55:12 AM EDT
> **To:** gina.kendrick@officedepot.com
> **Subject: Schedules**
>
> I sent you a few pictures of proof over my key issue via my police report and the officer on the scene. Lastly now that the positions as well as scheduling styles, I want to make sure that scheduling if fair in the scene that closings are evenly distributed as well as weekends off or sat off or just a Sunday off beyond having to request especially compared to other co managers via Katherine. Let me know if you need more pictures or proof as I sent Cory some that I haven't sent you. Its very cumbersome to operate, concentrate and function in such an unhealthy business environment like this Gina and that's why we've gotten all the way to this point via EEOC etc. I never wanted any of this.



**Michael Plummer <michael.plummer192@gmail.com>**

## Employee Assitance
1 message

**Michael Plummer** <michael.plummer192@gmail.com>    Mon, Jan 12, 2015 at 9:13 PM
To: Gina Kendrick <gina.kendrick@officedepot.com>
Bcc: michael.plummer192@gmail.com

Hey Gina,

I feel like I'm loosing my mind at this point in time period. Where do I start in getting time away from the physical and mental aspect in dealing with all this for over a year?  I called benefits today, and they stated I need to talk to HR.

Michael A. Plummer



**G⊠ail**
by Google

Michael Plummer <michael.plummer192@gmail.com>

## Management
2 messages

---

**Michael Plummer** <michael.plummer192@gmail.com>                Mon, Jul 7, 2014 at 7:34 PM
To: Gina Kendrick <gina.kendrick@officedepot.com>, Michael Plummer <michael.plummer192@gmail.com>

Hey Gina,

   I just got finished talking with Cory and he had a list of what he thought were inaccuracies.  The communication log is what you asked us to use to make sure that managers were on the same page.  The level of expectations once again, his higher for myself, than it is for he and Katherine.  The communication log should not be used as a negative tool or weapon,  but for effective communication and helping each other out.  One of the items that I put on the comm. log is that the soda cooler needed to be filled at some point today.  We didn't get to it yesterday in dealing with customer service issues, small staff and driving services and other tangibles during yesterday's business.  Cory wrote down a bunch of items with NO written next to them in which i wrote into the log or weren't totally true or accurate.   I also put on the comm log that the elevator was acting up and I first wanted to try to trouble shoot to see if it was something simple before I logging a ticket which cost the store money.  He put that down on his negative list about me.
  There was a 25% off sign for backpacks which I missed seeing the link in portal, so I had one of the CPD members on Sunday, Steven to print a sign in red for 25% so customers could see it.  He did it and we put it up at the backpacks.  He also had on a list that a sign was not put up in reference to an ink promo.  We walked over to INK DEPOT and the sign was up and in an acrylic sign holder and not folded on top of ink.  These are just a few examples of pettiness and targeting.  I have also communicated with Cory that one manager cannot always see everything or at the same perspective and that why you have management teams in all stores, not just a manager.  This is especially true to working the ad, especially with me being the closer sat. and the opener sun.  As I have sent you info before on Cory's lack of execution in closing with the proper store standards as an example, he does not hold himself and Katherine or anyone else in this store to the same standard he holds me too.  At the end of the day, all major signs and tags were up, all old tags were caught and taken down per the ad but I missed the action of folding one of them.  I have communicated prior to Cory to have a different manager from sat closer to Sun. so that any discrepancies can be caught with a different set of eyes and this could include him working more Sundays based on only having 3 managers at this location which has been the case for sometime now.  This causes burnout especially in this high volume location.  Some proof Gina, includes along with pictures, I have come in and caught old tags still up which throws off the ad pricing compliance when Cory's closed.  I promote execution and compliance to the best of my knowledge but again, Cory has to HOLD HIMSELF AND KATHERINE TO THE SAME LEVEL HE PRESENTS ONLY TO ME AND NOT JUST ONE TIME IN ONE AREA, BUT CONSISTENTLY ACROSS THE BOARD PERMANENTLY.

---

**Michael Plummer** <michael.plummer192@gmail.com>                Mon, Jan 12, 2015 at 7:58
PM
To: ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Michael A. Plummer

Begin forwarded message:

> **From:** Michael Plummer <michael.plummer192@gmail.com>
> **Date:** July 7, 2014 at 7:34:07 PM EDT
> **To:** Gina Kendrick <gina.kendrick@officedepot.com>, Michael Plummer

<michael.plummer192@gmail.com>
**Subject: Management**

Hey Gina,

    I just got finished talking with Cory and he had a list of what he thought were inaccuracies. The communication log is what you asked us to use to make sure that managers were on the same page. The level of expectations once again, his higher for myself, than it is for he and Katherine. The communication log should not be used as a negative tool or weapon, but for effective communication and helping each other out. One of the items that I put on the comm. log is that the soda cooler needed to be filled at some point today. We didn't get to it yesterday in dealing with customer service issues, small staff and driving services and other tangibles during yesterday's business. Cory wrote down a bunch of items with NO written next to them in which i wrote into the log or weren't totally true or accurate. I also put on the comm log that the elevator was acting up and I first wanted to try to trouble shoot to see if it was something simple before I logging a ticket which cost the store money. He put that down on his negative list about me. There was a 25% off sign for backpacks which I missed seeing the link in portal, so I had one of the CPD members on Sunday, Steven to print a sign in red for 25% so customers could see it. He did it and we put it up at the backpacks. He also had on a list that a sign was not put up in reference to an ink promo. We walked over to INK DEPOT and the sign was up and in an acrylic sign holder and not folded on top of ink. These are just a few examples of pettiness and targeting. I have also communicated with Cory that one manager cannot always see everything or at the same perspective and that why you have management teams in all stores, not just a manager. This is especially true to working the ad, especially with me being the closer sat. and the opener sun. As I have sent you info before on Cory's lack of execution in closing with the proper store standards as an example, he does not hold himself and Katherine or anyone else in this store to the same standard he holds me too. At the end of the day, all major signs and tags were up, all old tags were caught and taken down per the ad but I missed the action of folding one of them. I have communicated prior to Cory to have a different manager from sat closer to Sun. so that any discrepancies can be caught with a different set of eyes and this could include him working more Sundays based on only having 3 managers at this location which has been the case for sometime now. This causes burnout especially in this high volume location. Some proof Gina, includes along with pictures, I have come in and caught old tags still up which throws off the ad pricing compliance when Cory's closed. I promote execution and compliance to the best of my knowledge but again, Cory has to HOLD HIMSELF AND KATHERINE TO THE SAME LEVEL HE PRESENTS ONLY TO ME AND NOT JUST ONE TIME IN ONE AREA, BUT CONSISTENTLY ACROSS THE BOARD PERMANENTLY.

 **G✉ail** by Google

Michael Plummer <michael.plummer192@gmail.com>

---

**New notes**
2 messages

---

**Michael Plummer** <michael.plummer192@gmail.com>                     Mon, Dec 22, 2014 at 7:37 PM
To: Gina Kendrick <gina.kendrick@officedepot.com>
Bcc: michael.plummer192@gmail.com

As I mentioned to you earlier on the phone, despite Katherine not being here, the mental abuse, targeting and retaliation continues.  Using struck policy seems to be a main ingredient against which I don't mind but the problems are they aren't policy and I'm being held to higher levels than other managers for the sake of having ammunition against me. For example, I walked into the lock up on 12-18, and a freight associate was in there alone whom was Betzy. A manager should have been in there with her. 2 on 12-16, Cory drills me on the change order policy in which SOP 10.02 doesn't indicate I did anything wrong and he does this in front of the ASM John and the CSS3 Dawit which I found distasteful and disrespectful.  I created a change order and it was verified and sealed by a second manager. Finally the amount was put into Portal for Office Depot records. Armour Company came that day and received the physical change order that previous Friday or Dec 12. There were no issues but still got grilled about and no violation of sop occurred. Also on 12-16, Cory was disrespectful and insensitive to me I not obtaining my ASM position back in saying that I was the Assistant Store Manager in front of John as we were at the tech bench and John was standing in front of the laptops. Should be on camera for further proof. Cory is fully aware of my position and used disrespect and sarcasm in reminding me of my former position of ASM in which didn't roll back up to me partially because of trying to fire me from Office Depot. More to come.

Michael A. Plummer

---

**Michael Plummer** <michael.plummer192@gmail.com>                     Mon, Jan 12, 2015 at 7:56 PM
To: ALAN ANDERSON <alan.anderson@eeoc.gov>
Bcc: michael.plummer192@gmail.com

Michael A. Plummer

Begin forwarded message:

> **From:** Michael Plummer <michael.plummer192@gmail.com>
> **Date:** December 22, 2014 at 7:37:45 PM EST
> **To:** Gina Kendrick <gina.kendrick@officedepot.com>
> **Subject: New notes**

> As I mentioned to you earlier on the phone, despite Katherine not being here, the mental abuse, targeting and retaliation continues.  Using struck policy seems to be a main ingredient against which I don't mind but the problems are they aren't policy and I'm being held to higher levels than other managers for the sake of having ammunition against me. For example, I walked into the lock up on 12-18, and a freight associate was in there alone whom was Betzy. A manager should have been in there with her. 2 on 12-16, Cory drills me on the change order policy in which SOP 10.02 doesn't indicate I did anything wrong and he does this in front of the ASM John and the CSS3 Dawit which I found distasteful and disrespectful.  I created a change order and it was verified and sealed by a second manager. Finally the

amount was put into Portal for Office Depot records. Armour Company came that day and received the physical change order that previous Friday or Dec 12. There were no issues but still got grilled about and no violation of sop occurred.  Also on 12-16, Cory was disrespectful and insensitive to me I not obtaining my ASM position back in saying that I was the Assistant Store Manager in front of John as we were at the tech bench and John was standing in front of the laptops. Should be on camera for further proof. Cory is fully aware of my position and used disrespect and sarcasm in reminding me of my former position of ASM in which didn't roll back up to me partially because of trying to fire me from Office Depot. More to come.

Michael A. Plummer



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

*Michael Plummer*
_____
Plaintiff

**15 - 0 0 4 0 4 8**

vs.

*office Depot Inc.*

*Office Depot MAX or Corporate Creations Network Inc.*
_____
Defendant

Case Number _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Michael Plummer*
_____
Name of Plaintiff's Attorney

*3425 Highwood Drive S.E,*
_____
Address

*Wash, DC, 20020*
_____

*202-400-0938*
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date *02/04/2015*

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                    CASUM.doc



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante

              contra

                                                    Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

                                              Por: _____
_____
Dirección                                                        Subsecretario

_____

                                              Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오          የአማርኛ ትርጉም አስፈላጊ ከሆነ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

### Vea al dorso el original en inglés
### See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

_Michael Plummer_

Case Number: **15 - 0 0 4 0 4 8**

vs

Date: _____

_Office Depot / MAX or Corporate Creations Network Inc._

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* | Relationship to Lawsuit |
|---|---|
| Firm Name: | ☐ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.:        Six digit Unified Bar No.: | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury       ☐ 6 Person Jury       ☐ 12 Person Jury

Demand: $ _____       Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar#: _____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

### A. CONTRACTS

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 Special Education Fees
☐ 10 Mortgage Foreclosure/Judicial Sale

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☒ 13 Employment Discrimination

**COLLECTION CASES**

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 18 OVER $25,000 Consent Denied

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)

☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

---

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Oct 14

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
     Under $25,000 Pltf.
     Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants
     (DC Code § 11-941)

- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
     (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
     Vacate Arbitration Award
     (DC Code § 16-4401)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation
     Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation
     Over $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration
     Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower
- ☐ 34 Insurance/Subrogation
     Over $25,000 Consent Denied

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
     Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
     Judgment [ D.C. Code §
     2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code §
     42-3301, et seq.)

- ☐ 21 Petition for Subpoena
     [Rule 28-1 (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1)
     (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____

Attorney's Signature

6/4/2015

Date



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHAEL PLUMMER
Vs.
OFFICE DEPOT

C.A. No.    2015 CA 004048 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge ROBERT D OKUN
Date:  June 4, 2015
Initial Conference: 9:30 am, Friday, September 04, 2015
Location:  Courtroom A-50
        515 5th Street N.W.
        WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc